UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAMDY ABOU-HUSSEIN,<br>    Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES,<br>AMERICAN EAGLE AIRLINES,<br>EDDY HOSTE, and,<br>TROOPER AGCIOLI<br>    Defendants. | DOCKET NO.<br><br>MAGISTRATE JUDGE Alexander |

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED Yes
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 12/29/04

04-12723-WGY

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATED DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS:

The defendants, American Airlines, Inc., American Eagle Airlines, Inc. Eddy Hoste and Duval Agcaoili ("Defendants"), file this Petition for Removal pursuant to 28 U.S.C. §1446 (a), and respectfully submit that:

1. On or about December 2, 2004, the Defendants received notice of a Complaint having been filed in the matter entitled Hamdy Abou-Hussein v. American Airlines, American Eagle Airlines, Eddy Hoste and Trooper Agcioli., Suffolk County Superior Court, Civil Action No. 04-05106-F. A true, accurate and complete copy of the Complaint is attached hereto as Exhibit "A." The Complaint appears to constitute all process, pleadings and orders filed in this action against the Defendants in this matter to date. Service does not appear to have been effectuated as of this date.

2. Removal to the United States District Court for the District of Massachusetts in Boston is appropriate as: (1) the United States District Court has original jurisdiction over the action in accordance with 28 U.S.C. §1441(b); and (2) the United States District Court for the District of Massachusetts, Eastern Section embraces the place, *i.e.*, Suffolk County, where the action is pending. 28 U.S.C. §1441(a).

3.    Original jurisdiction is conferred upon this Court because the plaintiff's claims are founded on a claim or right arising under the Constitution, treaties or laws of the United States in accordance with 28 U.S.C. §1441(b), because Mr. Hussein alleges that the defendants have violated 42 U.S.C. § 1981, and 42 U.S.C § 2000d. Mr. Hussein has alleged in his Complaint that he has suffered damages including but not limited to economic losses, humiliation, embarrassment, emotional distress, attorney's fees and costs due to "Deprivation of his right to enter and enforce a contract and to travel as a passenger in air transportation regardless of his race, color, ethnicity, alienage, ancestry, or national origin. " *See* Complaint attached hereto as Exhibit "A."

4.    An alternate basis of this Court's jurisdiction is premised upon 28 U.S.C. § 1331, because Mr. Hussein's right to relief necessarily depends upon the resolution of a substantial question of federal law, the Federal Aviation Act, 49 U.S.C. § 44902.

5.    This Notice of Removal is being filed within the time period required by law in accordance with 28 U.S.C. § 1446 (b).

6.    Promptly after the filing of this Notice of Removal, a copy of the Notice will be filed with the Clerk of Courts for the Suffolk County Superior Court, and all adverse parties will receive written notice of the filing of this Notice of Removal.

WHEREFORE, the Defendants pray that this action be removed from the Suffolk County Superior Court to the United States District Court for the District of Massachusetts.

AMERICAN AIRLINES, INC., AMERICAN EAGLE AIRLINES, INC., AND EDDY HOSTE,
By Their Attorney,

_Michael A. Fitzhugh_
Michael A. Fitzhugh, Esq.
BBO # 169700
Fitzhugh, Parker & Alvaro LLP
155 Federal Street, Suite 1700
Boston, MA 02110
(617) 695-2330

DUVAL AGCAOILI,
By his Attorney,

_Scott W Dunlap (AV)_
Scott W. Dunlap, Esq.
BBO# 634389
Timothy M. Burke Law Offices
160 Gould Street
Needham, MA 02494
(781) 455-0707

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2004 I have served the above *Notice of Removal* upon all counsel of record listed below by regular mail, postage prepaid.

_Angelina Velazquez_
Angelina Velazquez

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                           SUPERIOR COURT

                                                       04-5106 - F

HAMDY ABOU-HUSSEIN,           )
         Plaintiff            )
                              )
     v.                       )
                              )
AMERICAN AIRLINES,            )
AMERICAN EAGLE AIRLINES       )
EDDY HOSTE, and               )
TROOPER AGCIOLI,              )
         Defendants.          )

## COMPLAINT
Jury Trial demanded

1. This is an action for damages for violation of civil rights in which the plaintiff alleges that he was denied equal treatment in a place of public accommodation on the basis of race and national origin.

2. The plaintiff Hamdy Abou-Hussein is a citizen of the United States and a resident of the state of Mississippi. He was born in Egypt and is an Arab.

3. Defendant American Airlines is corporation doing business in Massachusetts

4. Defendant American Eagle Airlines is a corporation

5. Defendant Eddy Hoste, whose residence is unknown to plaintiff, was at all a pilot employed by defendants American Airline and American Eagle Airlines.

6. Defendant Trooper Agcioli, whose residence is unknown to plaintiff, was at all times relevant to the allegations of this complaint a Massachusetts State Police Trooper.

7. On October 26, 2001, the plaintiff purchased an electronic ticket for travel from Boston's

Logan Airport to Reagan National Airport in Washington, D.C. on November 22, 2001 on American Eagle Flight No. 4595, which was scheduled to depart at 11:00 a.m. November 22, 2001 was Thanksgiving Day. The plaintifff was traveling to Washington to have Thanksgiving dinner with family and friends and to celebrate his wedding anniversary with his wife.

8. On November 22, 2001, the plaintiff arrived at the American Airlines terminal at Logan Airport at approximately 9:00 a.m. to allow time to pass through the increased security at the airport. He went to the American Eagle ticket counter, where he checked in and received a boarding pass with a seat assignment.

9. After receiving my boarding pass, plaintiff proceeded to the gate after passing through the initial security checkpoint, where he was required to present photographic identification and a boarding pass, his bag was x-rayed and he went through a metal detector.

10. On arrival at the gate, the plaintiff was again required to present his boarding pass and photographic identification. He presented both a Massachusetts driver's license and a United States passport.

11. The plaintiff is informed and believes that passengers whose boarding pass had been randomly marked with the notation *S* were selected for a more extensive search of their persons and belongings. These searches consisted of a scan with a hand-held metal detector and inspection of the contents of the passengers' carry-on baggage. None of these passengers were questioned about their travel plans. The plaintiff's boarding pass was marked *CLR*.

12. After most of the passengers selected for this special screening had been searched, an announcement was made over the public address system requesting that Hamdy Abou-

Hussein, Seat 12A, come to the counter. When he approached the counter, he was told that he had been selected for special screening and that he should wait in line behind the other passengers who were being searched.

13. The plaintiff was scanned with a hand-held metal detector, and his baggage was searched. In response to a request for identification, he again produced his United States passport and Massachusetts driver's license, which were taken from him by a State Police Trooper.

14. The plaintiff was then interrogated by several State Police troopers, including defendant Agcaioli. He was asked where He was going, what he did for a living, where he worked and where he had attended school. Although he had provided them with two forms of identification, he was repeatedly asked if he had some other identification. This interrogation lasted for approximately ten to fifteen minutes.

15. Following this interrogation,, the plaintiff was ordered by defendant Agcaoili to stand in a corner away from other passengers and not to go near the gangway. An unknown police officer accompanied him to prevent him from leaving or boarding the aircraft.

16. During the time that he was being searched and the time that he was detained by the police, defendant Agcaoili was speaking very loudly on the telephone and on a portable radio, and repeated numerous times, "He's from Egypt!"

17. After all other passengers had boarded Flight 4595, Officer Agcaoili approached the plaintiff and advised him that defendant Hoste had determined that the plaintiff would not be permitted to board the aircraft.

18. When plaintiff inquired about the identity of the officers who had prevented him from boarding the aircraft, he was informed by defendant Agcaioli stated that it was his responsibility and that the plaintiff should not speak to any of the other officers.

19. By this time, Flight 4595 had departed, and the plaintiff was told that no seats were available on any other flights to Reagan National that day. He was told by American Eagle employees that he might be able to get to Washington if he returned on the following day. His identification was then returned and he was escorted from the secure area at Gate 25.

20. Defendant's actions were intentional, malicious, willful, wanton, callous, and showed reckless disregard for plaintiff's civil rights, and have directly and proximately caused plaintiff financial injury and humiliation, mental pain, and suffering.

### Count I: G.L. c. 151B

21. Plaintiff repeats and realleges paragraphs 1-20 as if set forth fully herein.
22. American Eagle Flight #4595, from which plaintiff was barred, is a "place of public accommodation" within the terms of G.L. c. 151B, and G.L. c. 272, §§ 92A and 98.
23. On May 20, 2002, the plaintiff filed a complaint of discrimination with the Massachusetts Commission Against Discrimination charging each of the defendants with discrimination in a place of public accommodation on the basis of national origin and race or color.
24. The pilot, flight crew, and gate agents for American Eagle Flight #4595 were at all relevant times agents and/or employees of Defendants American Airlines and Amercian Eagle Airlines.
25. Defendants barred plaintiff from American Eagle Flight #4595, based on plaintiff's perceived race, color, ancestry, and/or national origin in violation of G.L. c. 272, §§ 92A and 98.

### Count II: 42 U.S.C. § 1981

26. Plaintiff repeats and realleges paragraphs 1-25 as if set forth fully herein.
27. The pilot, flight crew, and gate agents for American Eagle Flight #4595 were at all relevant times agents and/or employees of Defendants American Airlines and Amercian

Eagle Airlines.

28. Defendants engaged in intentional discrimination based on plaintiff's perceived race, color, ethnicity, and/or alienage in barring plaintiff from the flight and in doing so, discriminated against plaintiff in the making and enforcement of his contract. Consequently, defendant has caused plaintiff to suffer deprivation of his right to make and enforce contracts as enjoyed by white citizens under 42 U.S.C. § 1981.

### Count II: 42 USC § 1981

29. Plaintiff repeats and realleges paragraphs 1-41, as if set forth fully herein.

30. Defendant is the recipient of federal financial assistance, and is thus covered by Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d). Title VI and its implementing regulations prohibit recipients of federal monies from discriminating on the basis of, inter alia, race, color, or national origin. Defendant's failure to permit plaintiff to fly on its airline on the basis of plaintiff's perceived race, color, and/or national origin constituted discrimination against plaintiff in violation of Title VI and its implementing regulations.

31. Defendant's actions were intentional, malicious, willful, wanton, callous, and showed reckless disregard for plaintiff's civil rights, and have directly and proximately caused plaintiff financial injury and humiliation, mental pain, and suffering.

### Count III: Title VI of the Civil Rights Act of 1964 (42 U.S.C. §2000d)

32. Plaintiff repeats and realleges paragraphs 1-41, as if set forth fully herein.

33. Defendant is the recipient of federal financial assistance, and is thus covered by Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d). Title VI and its implementing regulations prohibit recipients of federal monies from discriminating on the basis of, inter alia, race, color, or national origin. Defendant's failure to permit plaintiff to fly on its airline on the basis of plaintiff's perceived race, color, and/or national origin constituted discrimination against plaintiff in violation of Title VI and its implementing regulations.

34. Defendant's actions were intentional, malicious, willful, wanton, callous, and showed reckless disregard for plaintiff's civil rights, and have directly and proximately caused

plaintiff financial injury and humiliation, mental pain, and suffering.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

(a)  Declare that the actions of defendant described above constituted discrimination on the basis of race, color, ethnicity, alienage, ancestry, and/or national origin in violation of 42 U.S.C. § 1981, 42 U.S.C. § 2000d, and G/L. C. 272, §§ 92A and 98;

(b)  Enter a permanent injunction directing defendant and its directors, officers, agents, and employees to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

(c)  Award plaintiff compensatory damages in an amount to be determined at trial for the plaintiff's loss and injury including, but not limited to, economic losses, humiliation, embarrassment, emotional distress, and a deprivation of his right to enter and enforce a contract and to travel as a passenger in air transportation regardless of his race, color, ethnicity, alienage, ancestry, or national origin;

(d)  Award plaintiff punitive damages in an amount to be determined at trial that would punish defendant for its willful, wanton, and reckless conduct and that would effectively deter defendant from engaging in similar conduct in the future;

(e)  Order defendant to cease and desist from all future discrimination or retaliation against plaintiff;

(f)  Award plaintiff prejudgment interest;

(g)  Award reasonable attorneys' fees and the costs incurred in this action; and

(h)  Award such other relief as the Court deems appropriate and just.

**Jury Trial Demand**

Plaintiffs Demands a trial by jury for all issues so triable.

John Reinstein
BBO 416120
ACLU of Massachusetts
99 Chauncy Street

Boston, MA 02111
617 482 3170

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Hamdy Abou-Hussein v. American Airlines, Inc., et al.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   XXX  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES       ( (NO) )

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES       ( (NO) )

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES       ( (NO) )

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES       ( (NO) )

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES       ( (NO) )

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       ( EASTERN DIVISION )    CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Michael A. Fitzhugh__
ADDRESS __Fitzhugh, Parker & Alvaro LLP, 155 Federal St. Boston, MA__
TELEPHONE NO. __617-695-2330__

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Hamdy Abou-Hussein
17 Everett Street
Cambridge, MA

## DEFENDANTS
American Airlines, American Eagle Airlines, Eddy Hoste and Duval Agcaoili

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Dallas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jean Musiker, Esq.
Sugarman, Rogers, Barshak & Cohen
101 Merrimac Street
Boston, MA 02114  (617)227-3030

ATTORNEYS (IF KNOWN)
Please see the attached.

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff alled that he has suffered emotional distress, economic losses, humiliation, embarrassment, Attorney Fees and costs due to "Deprivation of his right to enter and enforce contract and to travel as a passenger in air transportation regardless of his race, etc.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 12/29/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____