UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAMDY ABOU-HUSSEIN,<br>    Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES,<br>AMERICAN EAGLE AIRLINES,<br>EDDY HOSTE, and,<br>TROOPER AGCIOLI<br>    Defendants. | DOCKET NO. 04-12723-WGY |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
### And DEMAND FOR JURY TRIAL

American Airlines, Inc. ("American Airlines"), American Eagle Airlines, Inc. ("American Eagle") and Captain Eddy Hoste ("Captain Hoste") (answering jointly as "the Defendants" unless otherwise specified as a response by an individual defendant), hereby answer Plaintiff Hamdy-Abou-Hussein's ("Plaintiff") Complaint as follows:

1. No response from the Defendants is required as to Paragraph 1 of Plaintiff's Complaint ("the Complaint"), as it is merely a summary recitation of Plaintiff's claims.

2. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit to the allegations in paragraph 3 and further state that American Airlines, Inc. is a duly authorized corporation of the state of Delaware and whose principal office is located in the state of Texas.

4.     Defendants admit to the allegations in paragraph 4 of the complaint and further state American Eagle Airlines, Inc is a duly authorized corporation of the state of Delaware and whose principal office is located in the state of Texas.

5.     Defendants admit to the allegations in paragraph 5 of the complaint insofar as they allege Captain Hoste is employed solely by American Eagle, but therefore deny the remainder of the allegations of paragraph 5 insofar as they allege he was an employee of American Airlines.

6.     No response to paragraph 6 is required from Defendants as the allegations refer to Trooper Agcioli of the Massachusetts State Police. Defendants exercise no authority or control over the actions of Trooper Agcioli.

7.     Defendants admit to the allegations of paragraph 7 insofar as they allege that Plaintiff purchased an electronic ticket on October 26, 2001 to fly on American Eagle Flight # 4595 scheduled to depart on 11:00 A.M. on November 22, 2001, Thanksgiving Day, from Boston's Logan International Airport to Reagan National Airport in Washington, D.C. Defendants are without sufficient information or knowledge to either admit or deny the remainder of the allegations of paragraph 7.

8.     Defendants admit to the allegations of paragraph 8 insofar as they allege that Plaintiff arrived at the American Eage's terminal at Boston Logan's International Airport and that he checked in and received a boarding pass from the American Eagle ticket counter. Defendants are without sufficient information to either admit or deny the remainder of the allegations of paragraph 8.

9.     Defendants admit to the allegations of paragraph 9 insofar as they allege that upon receipt of a boarding pass and before entering the gates to board a particular flight, all passengers must pass

through a security clearance point, present valid photographic identification, submit to a search of all carry-on baggage.

10. Defendants admit to the allegations of paragraph 10 insofar as they allege that upon arrival at the gates, all passengers must present a boarding pass and valid photographic identification. Defendants admit that Plaintiff presented a Massachusetts Driver's License and U.S. Passport while waiting in the gate area to board the flight.

11. Defendants are unable to respond to the allegations of paragraph 11 to the extent the allegations are based upon the Plaintiff's "beliefs" rather than specific factual allegations. Defendants are without sufficient information to respond to the clause of paragraph 11, alleging that "[n]one of these passengers were questioned about their travel plans," because Plaintiff fails to adequately identify the passengers to whom he is referring. Defendants admit that Plaintiff's boarding pass was marked *CLR*.

12. Defendants admit to the allegations contained in paragraph 12 insofar as they allege that Plaintiff was advised that he had been selected for pre-screening, and was asked to wait in line to complete such screening. Defendants are without sufficient information to either admit or deny the remainder of the allegations of paragraph 12.

13. Defendants admit to the allegations contained in paragraph 13.

14. Defendants admit to the allegations contained in paragraph 14 insofar as they allege that Plaintiff was questioned by law enforcement officials, including State Trooper Agcioli. Defendants are without sufficient information or knowledge to either admit or deny the remainder of the allegations of paragraph 14 as the Defendants exercised no control over the law enforcement officials, including State Trooper Agcioli, who questioned the Plaintiff.

15. Defendants admit to the allegations contained in paragraph 15 insofar as they allege that Plaintiff was questioned by State Trooper Agcioli. Defendants are with sufficient information or knowledge to either admit or deny the remainder of the allegations of paragraph 15 as the Defendants exercised no control over the law enforcement officials, including State Trooper Agcioli or any other unknown law enforcement official(s) who may have been present.

16. Defendants admit to the allegations contained in paragraph 16 insofar as they allege that Plaintiff was questioned by State Trooper Agcioli. Defendants are without sufficient information or knowledge to either admit or deny the remainder of the allegations of paragraph 16 as the Defendants exercised no control over the law enforcement officials, including State Trooper Agcioli.

17. Defendants admit to the allegations contained in paragraph 17 insofar as they allege that based upon the information Captain Hoste received from law enforcement officials, he determined that Plaintiff would not be allowed to board the aircraft. Captain Hoste further states that he did not personally observe the Plaintiff and the decision to deny Plaintiff's boarding of the flight was based solely upon the information provided to Captain Hoste by law enforcement officials. Defendants are without sufficient information or knowledge to either admit or deny the remainder of the allegations of paragraph 17 as the Defendants exercised no control over State Trooper Agcioli.

18. Defendants admit to the allegations contained in paragraph 18 insofar as they allege that Plaintiff was questioned by State Trooper Agcioli. Defendants are without sufficient information or knowledge to either admit or deny the remainder of the allegations of paragraph 18 as the Defendants exercised no control over State Trooper Agcioli.

19.     Defendants admit to the allegations contained in paragraph 19 insofar as they allege that Plaintiff was not permitted to board the flight. American Eagle denies the allegations of paragraph 19 insofar as they allege that employees of American Eagle advised him to return the next day to fly to Washington, D.C. American Eagle further states, later that day, Plaintiff was placed on a flight to Baltimore Washington International Airport. Defendants are without sufficient information or knowledge to either admit or deny the remainder of the allegations of paragraph 19 as the Defendants exercised no control over State Trooper Agcioli, who may have spoken to the Plaintiff after the departure of the flight in question.

20.     Defendants deny the allegations of paragraph 20.

### Count I: G.L.c. 151B

21.     Defendants restate and reallege their responses to paragraphs 1-20 as if fully incorporated herein.

22.     Defendants are not required to respond to the statements of paragraph 22, which call for a legal conclusion rather than a response to a factual allegation.

23.     Defendants admit to the allegations of paragraph 23.

24.     Defendants admit to the allegations of paragraph 24 insofar as they allege that the pilot, flight crew, and gate Agents for American Eagle were employees of American Eagle, but Defendants deny the remainder of the allegations of paragraph 24 insofar as they allege that such persons were employed by American Airlines.

25. Defendants admit to the allegations of paragraph 25 insofar as they allege that Plaintiff was not permitted to take Flight #4595. Defendants deny the remainder of the allegations of paragraph 25.

### Count II: 42 U.S.C.§ 1981

26. Defendants restate and reallege paragraphs 1-25 as if fully incorporated herein.

27. Defendants admit to the allegations of paragraph 27 insofar as they allege that the pilot, flight crew, and gate Agents for American Eagle were employees of American Eagle. Defendants deny the remainder of the allegations of paragraph 27 insofar as they allege that such persons were employed by American Airlines.

28. Defendants deny the allegations of paragraph 28.

### Count II (Sic) 42 U.S.C. § 1981

29. The Defendants are unable to formulate a response to paragraph 29.

30 Defendants are not required to respond to the allegations of paragraph 30 asserting that Defendants are subject to the provisions of 42 U.S.C. § 2000d, because such allegations call for a legal conclusion. Defendants further assert they are not required to respond to allegations of paragraph 30 reciting the purpose of Title VI and its implementing regulations because the statute and the corresponding regulations speak for themselves. Defendants deny the remainder of the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

### Count III: Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d

32. Defendants restate and reallege their responses to paragraphs 1-31 as if fully stated herein.

33.     Defendants are not required to respond to the allegations of paragraph 33 asserting that Defendants are subject to the provisions of 42 U.S.C. § 2000d, because such allegations call for a legal conclusion. Defendants further assert they are not required to respond to the allegations of paragraph 33 reciting the purpose of Title VI and its implementing regulations because the statute and the corresponding regulations speak for themselves. Defendants deny the remainder of the allegations of paragraph 33.

34.     Defendants deny the allegations of paragraph 34.

## AFFIRMATIVE DEFENSES

### First Defense

The complaint fails to state a claim upon which relief may be granted.

### Second Defense

Defendant American Airlines, Inc. is improperly named as a defendant in this action, because it is a separate entity from American Eagle. American Airlines did not operate or control the flight which is the subject of said complaint, nor were any employees or policies of American Airlines involved in any of the incidents pleaded in the complaint.

### Third Defense

The actions of American Eagle and Captain Hoste were not the result in whole or in part of any unlawful discrimination prohibited by M.G.L. c. 272, §§ 92A and 98; 42 U.S.C. § 1981 and 42 U.S.C. § 2000d.

### Fourth Defense

The actions of American Eagle and Captain Hoste were taken lawfully subject to the provisions of the Airline Deregulation Act ("ADA"), 49 U.S.C., § 44902(b).

### Fifth Defense

Captain Hoste reasonably relied upon information given to him by a law enforcement official, which information caused him to have a reasonable belief that the Plaintiff was or may have been a person a person inimical to safety, and exercised his discretion to refuse boarding to the Plaintiff as authorized by the Airline Deregulation Act, 49 U.S.C., § 44902(b).

### Sixth Defense

Plaintiff's claims are preempted by the Airline Deregulation Act("ADA"), 49 U.S.C., § 41713(b)(1).

### Seventh Defense

The actions of Captain Hoste are permitted as he reasonably relied upon information given to him by a law enforcement official, which information caused him to have a reasonable belief that the Plaintiff was or may have posed a risk to the security of the flight.

### Eighth Defense

The actions of Captain Hoste were not arbitrary and capricious.

### Ninth Defense

The Plaintiff's injuries were proximately caused by intervening or superseding acts of a third person or persons for whom the Defendants had no responsibility or control, and therefore the Plaintiff may not recover against these Defendants.

### Tenth Defense

The complaint fails to state a claim for punitive damages upon which relief can be granted, because even if all the facts alleged are taken as true, they do not allege nor establish the requisite elements of such a claim.

### Eleventh Defense

Plaintiff cannot establish that the Defendants acted with deliberate discriminatory intent.

### Twelfth Defense

Pursuant to 42 U.S.C. § 2000d, Plaintiff has failed to establish that he is the intended beneficiary of the federally funded program that American Eagle is alleged to have received.

### Thirteenth Defense

Pursuant to 42 U.S.C. §2000d, Plaintiff has failed to establish the Defendant's actions were intentional, wanton, malicious, callous or showed reckless disregard to Plaintiff's civil right.

### Fourteenth Defense

Plaintiff's claims are barred because he failed to properly exhaust his administrative remedies before the Massachusetts Commission Against Discrimination.

### Fifteenth Defense

Plaintiff's claims are barred because his claims were dismissed by the Massachusetts Commission Against Discrimination due to his failure to cooperate with an investigation of his claims.

### Sixteenth Defense

Plaintiff's claims are barred because he did not remove his case from the Massachusetts Commission Against Discrimination in accordance with procedures outlined in M.G.L. c. 151B, §9, and the regulations of the Massachusetts Commission Against Discrimination, 804 CMR § 1, *et seq.*

### Seventeenth Defense

The claims against Captain Hoste must be dismissed for insufficiency of service of process.

### Eighteenth Defense

The claims against Captain Hoste must be dismissed for insufficiency of service of process and failure of service of process.

### Nineteenth Defense

The Plaintiff is not entitled to the declaratory relief sought.

### Twentieth Defense

The Plaintiff cannot demonstrate a likelihood of success on the merits, therefore, he is not entitled to any temporary or preliminary injunctive relief he seeks against Defendants.

### Twenty First Defense

The Plaintiff cannot obtain the permanent injunctive relief he seeks here based upon the facts alleged, or those that he might ultimately prove at the trial of this action.

**THE DEFENDANTS RESERVE THE RIGHT TO ADD
ADDITIONAL AFFIRMATIVE DEFENSES**

## AMERICAN AIRLINES, AMERICAN EAGLE AND CAPTAIN HOSTE DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

**WHEREFORE**, the Defendants, American Airlines, Inc., American Eagle Airlines, Inc. and Captain Eddy Hoste, request the following relief:

1. That this Court enter judgment in their favor on all claims set forth in Count I of the Plaintiff's complaint;

2. That this Court enter judgment in their favor on all claims set forth in Count II of the Plaintiff's complaint;

3. That this Court enter judgment in their favor on all claims set forth in Count III of the Plaintiff's complaint (erroneously designated as Count II);

4. That this Court enter judgment in their favor on all claims set forth in Count IV of the Plaintiff's complaint (erroneously designated as Count III);

5. That this Court deny the Plaintiff's request for injunctive relief;

6. That this Court deny Plaintiff's request for declaratory relief; and

7. That this Court grant them such other and further relief as may be appropriate.

Respectfully Submitted,

AMERICAN AIRLINES, INC.
AMERICAN EAGLE AIRLINES, INC.
And **EDDY HOSTE**
By Their Attorney,

_____
Michael A. Fitzhugh
BBO # 169700
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330

Certificate of Service

I hereby certify that I caused a copy of the forgoing to be served upon opposing counsel of record set forth below, by first class mail postage prepaid, this 30 day of December 2004.

_Angelina Velazquez_
Angelina Velazquez