MAS-20030912
guen

## Commonwealth of Massachusetts
### SUFFOLK SUPERIOR COURT
#### Case Summary
#### Civil Docket

01/03/2005
11:59 AM

## SUCV2004-05106
## Abou-Hussein v American Airlines et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 11/22/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 12/31/2004 | **Session** | F - Civil F | | |
| **Origin** | 1 | **Case Type** | B99 - Misc tort | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 02/20/2005 | **Answer** | 04/21/2005 | **Rule12/19/20** | 04/21/2005 |
| **Rule 15** | 04/21/2005 | **Discovery** | 09/18/2005 | **Rule 56** | 10/18/2005 |
| **Final PTC** | 11/17/2005 | **Disposition** | 01/16/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Hamdy Abou-Hussein
Active 11/22/2004

**Private Counsel 416120**
John Reinstein
Mass Civil Liberties Union Foundation
99 Chauncy Street
Suite 310
Boston, MA 02111
Phone: 617-482-3170
Fax: 617-451-0009
Active 11/22/2004 Notify

**Defendant**
American Airlines
Service pending 11/22/2004

**Private Counsel 169700**
Michael A Fitzhugh
Fitzhugh Parker & Alvaro
155 Federal Street
Suite 1700
Boston, MA 02110-1727
Phone: 617-695-2330
Fax: 617-695-2335
Active 12/31/2004 Notify

**Defendant**
American Eagle Airlines
Service pending 11/22/2004

*** See Attorney Information Above ***

**Defendant**
Eddy Hoste
Service pending 11/22/2004

*** See Attorney Information Above ***

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2004-05106
## Abou-Hussein v American Airlines et al

| Defendant | Private Counsel 634389 |
|---|---|
| Trooper Agcioli | Scott W Dunlap |
| Service pending 11/22/2004 | Burke Law Offices (Timothy M) |
| | 160 Gould Street |
| | Suite 111 |
| | Needham Heights, MA 02494-2300 |
| | Phone: 781-455-0707 |
| | Fax: 781-455-8879 |
| | Active 12/31/2004 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/22/2004 | 1.0 | Complaint  filed with request for trial by jury |
| 11/22/2004 | | Origin 1, Type B99, Track F. |
| 11/24/2004 | 2.0 | Civil action cover sheet filed |
| 12/31/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. |
| | | American Airlines, Inc., American Eagle Airlines, Inc. Eddy Hoste and |
| | | Duval  Agcioli  U. S. Dist.#(04-12723WGY). |
| 12/31/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

I HEREBY ATTEST AND CERTIFY ON

JAN. 3, 2005 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK



FOR THE DISTRICT OF MASSACHUSETTS

*Suffolk Superior Civil # 04-5106*

04 - 12723 WGV

HAMDY ABOU-HUSSEIN,
Plaintiff,

v.

AMERICAN AIRLINES,
AMERICAN EAGLE AIRLINES,
EDDY HOSTE, and,
TROOPER AGCIOLI
Defendants.

DOCKET NO.

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATED DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

The defendants, American Airlines, Inc., American Eagle Airlines, Inc. Eddy Hoste and Duval Agcaoili ("Defendants"), file this Petition for Removal pursuant to 28 U.S.C. §1446 (a), and respectfully submit that:

1.     On or about  December 2, 2004, the Defendants received notice of a  Complaint having been filed in the matter entitled  Hamdy Abou-Hussein v. American Airlines, American Eagle Airlines, Eddy Hoste and Trooper Agcioli., Suffolk County Superior Court, Civil Action No. 04-05106-F.  A true, accurate and complete copy of the Complaint is attached hereto as Exhibit "A." The Complaint appears to constitute all process, pleadings and orders filed in this action against the Defendants in this matter to date. Service does not appear to have been effectuated as of this date.

2.     Removal to the United States District Court for the District of Massachusetts in Boston is appropriate as: (1) the United States District Court has original jurisdiction over the action in accordance with 28 U.S.C. §1441(b); and (2) the United States District Court for the District of Massachusetts, Eastern Section embraces the place, *i.e.*, Suffolk County, where the action is pending.  28 U.S.C. §1441(a).

3.     Original jurisdiction is conferred upon this Court because the plaintiff's claims are founded on a claim or right arising under the Constitution, treaties or laws of the United States in accordance with 28 U.S.C. §1441(b), because Mr. Hussein alleges that the defendants have violated 42 U.S.C. § 1981, and 42 U.S.C § 2000d. Mr. Hussein has alleged in his Complaint that he has suffered damages including but not limited to economic losses, humiliation, embarrassment, emotional distress, attorney's fees and costs due to "Deprivation of his right to enter and enforce a contract and to travel as a passenger in air transportation regardless of his race, color, ethnicity, alienage, ancestry, or national origin. " *See* Complaint attached hereto as Exhibit "A."

4.     An alternate basis of this Court's jurisdiction is premised upon 28 U.S.C. § 1331, because Mr. Hussein's right to relief necessarily depends upon the resolution of a substantial question of federal law, the Federal Aviation Act, 49 U.S.C. § 44902.

5.     This Notice of Removal is being filed within the time period required by law in accordance with 28 U.S.C. § 1446 (b).

6.     Promptly after the filing of this Notice of Removal, a copy of the Notice will be filed with the Clerk of Courts for the Suffolk County Superior Court, and all adverse parties will receive written notice of the filing of this Notice of Removal.

2

**WHEREFORE**, the Defendants pray that this action be removed from the Suffolk

County Superior Court to the United States District Court for the District of Massachusetts.

> **AMERICAN AIRLINES, INC., AMERICAN**
> **EAGLE AIRLINES, INC., AND EDDY HOSTE**,
> By Their Attorney,
>
> *Michael 6 Fitzhugh*
> Michael A. Fitzhugh, Esq.
> BBO # 169700
> Fitzhugh, Parker & Alvaro LLP
> 155 Federal Street, Suite 1700
> Boston, MA 02110
> (617) 695-2330

. HEREBY ATTEST AND CERTIFY ON
JAN. 3, 2005 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY
ASSISTANT CLERK.

> **DUVAL AGCAOILI**,
> By his Attorney,
>
> *Scott W Dunlap (AW)*
> Scott W. Dunlap, Esq.
> BBO# 634389
> Timothy M. Burke Law Offices
> 160 Gould Street
> Needham, MA 02494
> (781) 455-0707

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2004 I have served the above *Notice of Removal* upon all counsel of record listed below by regular mail, postage prepaid.

Angelina Velazquez

3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT

```
                                     )
HAMDY ABOU-HUSSEIN,                  )
      Plaintiff,                     )
                                     )
v.                                   )
                                     )
AMERICAN AIRLINES,                   )    CIVIL ACTION NO.: 04-05106-F
AMERICAN EAGLE AIRLINES,             )
EDDY HOSTE, and,                     )
TROOPER AGCIOLI                      )
      Defendants.                    )
                                     )
```

## NOTICE OF FILING NOTICE OF REMOVAL

The defendants, American Airlines, Inc., American Eagle Airlines, Inc. Eddy Hoste and

Duval Agcaoili, hereby give notice that on December 29, 2004 they served a Notice of Removal

to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C.

§1441(b). A copy of the defendants' Notice of Removal is attached hereto.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of

this Notice removes this action to the Federal Court, and this Court may "proceed no further

unless and until the case is remanded." 28 U.S.C. § 1446(d).

> **AMERICAN AIRLINES, INC., AMERICAN
> EAGLE AIRLINES, INC., AND EDDY HOSTE**,
> By Their Attorney,
>
> *Michael A. Fitzhugh (mh)*
> Michael A. Fitzhugh, Esq.
> BBO # 169700
> Fitzhugh, Parker & Alvaro LLP
> 155 Federal Street, Suite 1700
> Boston, MA 02110
> (617) 695-2330

DUVAL AGCAOILI,
By his Attorney,


Scott W. Dunlap, Esq.
BBO# 634389
Timothy M. Burke Law Offices
160 Gould Street
Needham, MA 02494
(781) 455-0707


## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2004 I have served the above *Notice of Filing Notice of Removal* upon all counsel of record listed below by regular mail, postage prepaid.


Angelina Velazquez

2

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                          SUPERIOR COURT

                                                     04-5108 —⌐

HAMDY ABOU-HUSSEIN,                    )
        Plaintiff                      )
                                       )
        v.                             )
                                       )
AMERICAN AIRLINES,                     )
AMERICAN EAGLE AIRLINES                )
EDDY HOSTE, and                        )
TROOPER AGCIOLI,                       )
        Defendants.                    )

## COMPLAINT
### Jury Trial demanded

1.   This is an action for damages for violation of civil rights in which the plaintiff alleges that

     he was denied equal treatment in a place of public accommodation on the basis of race

     and national origin.

2.   The plaintiff Hamdy Abou-Hussein is a citizen of the United States and a resident of the

     state of Mississippi.  He was born in Egypt and is an Arab.

3.   Defendant American Airlines is corporation doing business in Massachusetts

4.   Defendant American Eagle Airlines is a corporation

5.   Defendant Eddy Hoste, whose residence is unknown to plaintiff,  was at all  a pilot

     employed by defendants American Airline and American Eagle Airlines.

6.   Defendant Trooper Agcioli, whose residence is unknown to plaintiff, was at all times

     relevant to the allegations of this complaint a Massachusetts State Police Trooper.

7.   On October 26, 2001, the plaintiff purchased an electronic ticket for travel from Boston's

Logan Airport to Reagan National Airport in Washington, D.C. on November 22, 2001 on American Eagle Flight No. 4595, which was scheduled to depart at 11:00 a..m. November 22, 2001 was Thanksgiving Day. The plaintiff was traveling to Washington to have Thanksgiving dinner with family and friends and to celebrate his wedding anniversary with his wife.

8.     On November 22, 2001, the plaintiff arrived at the American Airlines terminal at Logan Airport at approximately 9:00 a.m. to allow time to pass through the increased security at the airport. He went to the American Eagle ticket counter, where he checked in and received a boarding pass with a seat assignment.

9.     After receiving my boarding pass, plaintiff proceeded to the gate after passing through the initial security checkpoint, where he was required to present photographic identification and a boarding pass, his bag was x-rayed and he went through a metal detector.

10.    On arrival at the gate, the plaintiff was again required to present his boarding pass and photographic identification. He presented both a Massachusetts driver's license and a United States passport.

11.    The plaintiff is informed and believes that passengers whose boarding pass had been randomly marked with the notation *S* were selected for a more extensive search of their persons and belongings. These searches consisted of a scan with a hand-held metal detector and inspection of the contents of the passengers' carry-on baggage.  None of these passengers were questioned about their travel plans. The plaintiff's boarding pass was marked *CLR*.

12.    After most of the passengers selected for this special screening had been searched, an announcement was made over the public address system requesting that Hamdy Abou-

Hussein, Seat 12A, come to the counter. When he approached the counter, he was told that he had been selected for special screening and that he should wait in line behind the other passengers who were being searched.

13. The plaintiff was scanned with a hand-held metal detector, and his baggage was searched. In response to a request for identification, he again produced his United States passport and Massachusetts driver's license, which were taken from him by a State Police Trooper.

14. The plaintiff was then interrogated by several State Police troopers, including defendant Agcaioli. He was asked where He was going, what he did for a living, where he worked and where he had attended school. Although he had provided them with two forms of identification, he was repeatedly asked if he had some other identification. This interrogation lasted for approximately ten to fifteen minutes.

15. Following this interrogation,, the plaintiff was ordered by defendant Agcaoili to stand in a corner away from other passengers and not to go near the gangway. An unknown police officer accompanied him to prevent him from leaving or boarding the aircraft.

16. During the time that he was being searched and the time that he was detained by the police, defendant Agcaoili was speaking very loudly on the telephone and on a portable radio, and repeated numerous times, "He's from Egypt!"

17. After all other passengers had boarded Flight 4595, Officer Agcaoili approached the plaintiff and advised him that defendant Hoste had determined that the plaintiff would not be permitted to board the aircraft.

18. When plaintiff inquired about the identity of the officers who had prevented him from boarding the aircraft, he was informed by defendant Agcaioli stated that it was his responsibility and that the plaintiff should not speak to any of the other officers.

19.  By this time, Flight 4595 had departed, and the plaintiff was told that no seats were available on any other flights to Reagan National that day. He was told by American Eagle employees that he might be able to get to Washington if he returned on the following day. His identification was then returned and he was escorted from the secure area at Gate 25.

20.  Defendant's actions were intentional, malicious, willful, wanton, callous, and showed reckless disregard for plaintiff's civil rights, and have directly and proximately caused plaintiff financial injury and humiliation, mental pain, and suffering.

### Count I: G.L. c. 151B

21.  Plaintiff repeats and realleges paragraphs 1-20 as if set forth fully herein.

22.  American Eagle Flight #4595, from which plaintiff was barred, is a "place of public accommodation" within the terms of G.L. c. 151B, and G.L. c. 272, §§ 92A and 98.

23.  On May 20, 2002, the plaintiff filed a complaint of discrimination with the Massachusetts Commission Against Discrimination charging each of the defendants with discrimination in a place of public accommodation on the basis of national origin and race or color.

24.  The pilot, flight crew, and gate agents for American Eagle Flight #4595 were at all relevant times agents and/or employees of Defendants American Airlines and Amercian Eagle Airlines.

25.  Defendants barred plaintiff from American Eagle Flight #4595, based on plaintiff's perceived race, color, ancestry, and/or national origin in violation of G.L. c. 272, §§ 92A and 98.

### Count II:  42 U.S.C. § 1981

26.  Plaintiff repeats and realleges paragraphs 1-25 as if set forth fully herein.

27.  The pilot, flight crew, and gate agents for American Eagle Flight #4595 were at all relevant times agents and/or employees of Defendants American Airlines and Amercian

Eagle Airlines.

28.    Defendants engaged in intentional discrimination based on plaintiff's perceived race, color, ethnicity, and/or alienage in barring plaintiff from the flight and in doing so, discriminated against plaintiff in the making and enforcement of his contract Consequently, defendant has caused plaintiff to suffer deprivation of his right to make and enforce contracts as enjoyed by white citizens under 42 U.S.C. § 1981.

## Count II: 42 USC § 1981

29.    Plaintiff repeats and realleges paragraphs 1-41, as if set forth fully herein.

30.    Defendant is the recipient of federal financial assistance, and is thus covered by Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d). Title VI and its implementing regulations prohibit recipients of federal monies from discriminating on the basis of, inter alia, race, color, or national origin. Defendant's failure to permit plaintiff to fly on its airline on the basis of plaintiff's perceived race, color, and/or national origin constituted discrimination against plaintiff in violation of Title VI and its implementing regulations.

31.    Defendant's actions were intentional, malicious, willful, wanton, callous, and showed reckless disregard for plaintiff's civil rights, and have directly and proximately caused plaintiff financial injury and humiliation, mental pain, and suffering.

## Count III:  Title VI of the Civil Rights Act of 1964 (42 U.S.C. §2000d)

32.    Plaintiff repeats and realleges paragraphs 1-41, as if set forth fully herein.

33.    Defendant is the recipient of federal financial assistance, and is thus covered by Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d). Title VI and its implementing regulations prohibit recipients of federal monies from discriminating on the basis of, inter alia, race, color, or national origin. Defendant's failure to permit plaintiff to fly on its airline on the basis of plaintiff's perceived race, color, and/or national origin constituted discrimination against plaintiff in violation of Title VI and its implementing regulations.

34.    Defendant's actions were intentional, malicious, willful, wanton, callous, and showed reckless disregard for plaintiff's civil rights, and have directly and proximately caused

plaintiff financial injury and humiliation, mental pain, and suffering.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

(a)    Declare that the actions of defendant described above constituted discrimination on the basis of race, color, ethnicity, alienage, ancestry, and/or national origin in violation of 42 U.S.C. § 1981, 42 U.S.C. § 2000d, and G/L. C. 272, §§ 92A and 98;

(b)    Enter a permanent injunction directing defendant and its directors, officers, agents, and employees to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

(c)    Award plaintiff compensatory damages in an amount to be determined at trial for the plaintiff's loss and injury including, but not limited to, economic losses, humiliation, embarrassment, emotional distress, and a deprivation of his right to enter and enforce a contract and to travel as a passenger in air transportation regardless of his race, color, ethnicity, alienage, ancestry, or national origin;

(d)    Award plaintiff punitive damages in an amount to be determined at trial that would punish defendant for its willful, wanton, and reckless conduct and that would effectively deter defendant from engaging in similar conduct in the future;

(e)    Order defendant to cease and desist from all future discrimination or retaliation against plaintiff;

(f)    Award plaintiff prejudgment interest;

(g)    Award reasonable attorneys' fees and the costs incurred in this action; and

(h)    Award such other relief as the Court deems appropriate and just.

### Jury Trial Demand

Plaintiffs Demands a trial by jury for all issues so triable.

I HEREBY ATTEST AND CERTIFY ON
JAN. 3, 2005
_____ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
        ASSISTANT CLERK.

John Reinstein
BBO 416120
ACLU of Massachusetts
99 Chauncy Street

Boston, MA 02111
617 482 3170

**CIVIL ACTION**
**COVER SHEET**

DOCKET NO.(S)
04-5106 - F

**Trial Court of Massachusetts**
**Superior Court Department**
County:

PLAINTIFF(S)
HAMDY ABOU-HUSSEIN

DEFENDANT(S)
AMERICAN AIRLINES, AMERICAN EAGLE AIRLINES, EDDY HOSTE, T. ACCAOILI

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
JOHN REINSTEIN
ACLU OF MASS.           617 482
99 CHAUNCY ST.              3170
Board of Bar Overseers number BO 380 N MA 0211

ATTORNEY (if known)

---

Origin code and track designation

Place an x in one box only:
[✓] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104
      (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript, relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

---

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.          TYPE OF ACTION (specify)      TRACK        IS THIS A JURY CASE?
B99               TORT - CIVIL RIGHTS
                  VIOLATION        (F)          (✓) Yes   ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ...................................... $
   2. Total Doctor expenses ....................................... $
   3. Total chiropractic expenses ................................. $
   4. Total physical therapy expenses ............................ $
   5. Total other expenses (describe) ............................ $
                                                     Subtotal $
B. Documented lost wages and compensation to date .............. $
C. Documented property damages to date ......................... $
D. Reasonably anticipated future medical and hospital expenses .. $
E. Reasonably anticipated lost wages ........................... $
F. Other documented items of damages (describe)
                                                               $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   EXCLUSION FROM SCHEDULED AIR TRAVEL
   EMOTIONAL DISTRESS                                          $10,000
                                                     TOTAL $ ............

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
CIVIL RIGHTS

                                                     TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 11-22-04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

---

I HEREBY ATTEST AND CERTIFY ON

JAN. 3, 2005, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____

ASSISTANT CLERK.

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### Contract

| | | |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

### TORT

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence Personal injury/Property damage | (F) |
| B04 | Other negligence-personal injury /Property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice - Other (Specify) | (A) |
| B08 | Wrongful death, G.L.c.229,s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

CIVIL RIGHTS
DISCRIMINATION
PUBLIC ACCOMODATION
FEDERAL CIVIL RTS

### Real Property

| | | |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L.c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of Mortgage | (X) |
| C05 | Condominium lien & charges | (X) |
| C99 | Other (Specify) | (X) |

### EQUITABLE REMEDIES

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c.231A | (A) |
| D99 | Other (Specify) | (F) |

### Miscellaneous

| | | |
|---|---|---|
| E02 | Appeal from administrative Agency G.L.c.30A | (X) |
| E03 | Action against Commonwealth /Municipality, G.L.c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | G.L.c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond G.L.c.149,s.29,29a | (A) |
| E11 | Worker's Compensation | (X) |
| E12 | G.L.c.123A,s.12(SDP Commitment) | (X) |
| E14 | G.L.c.123A,s.9(SDP Petition) | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act,G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L.c.178M,s.6 | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E95 | Forfeiture G.L.c.94C,s.47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence -Personal Injury | (F) | Yes |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**