UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAMDY ABOU-HUSSEIN<br>　　　Plaintiff<br><br>v.<br><br>AMERICAN AIRLINES, AMERICAN EAGLE AIRLINES, EDDY HOSTE, and TROOPER DUVAL AGCAOILI<br>　　　Defendants | Civil Action No: 04-12723<br>Hon. William Young |

AMENDED COMPLAINT
Jury Trial Demanded

　　　1.　　　This is an action for damages for violation of civil rights in which the plaintiff alleges that he was denied equal treatment in a place of public accommodation and denied the right to make and enforce a contract, on the basis of race and national origin.

　　　2.　　　The plaintiff Hamdy Abou-Hussein is a citizen of the United States and a resident of the State of Alabama. He was born in Egypt and is an Arab.

　　　3.　　　Defendant American Airlines is a corporation doing business in Massachusetts.

　　　4.　　　Defendant American Eagle Airlines is a corporation doing business in Massachusetts. American Eagle Airlines operates flights on behalf of American Airlines.

　　　5.　　　Defendant Eddy Hoste, whose residence is unknown to plaintiff, was at all times relevant to this complaint a pilot employed by defendants American Airlines and American Eagle Airlines.

6. Defendant Trooper Agcaoili, whose residence is unknown to plaintiff, was at all times relevant to the allegations of this complaint a Massachusetts State Police Trooper.

7. On October 26, 2001, the plaintiff purchased an electronic ticket for travel from Boston's Logan Airport to Reagan National Airport in Washington, D.C. on November 22, 2001 on American Eagle Flight No. 4595, which was scheduled to depart at 11:00 a.m. November 22, 2001 was Thanksgiving Day. The plaintiff was traveling to Washington to have Thanksgiving dinner with family and friends and to celebrate his wedding anniversary with his wife.

8. On November 22, 2001, the plaintiff arrived at the American Airlines terminal at Logan Airport at approximately 9:00 a.m. to allow time to pass through the increased security at the airport. He went to the American Eagle ticket counter, where he checked in and received a boarding pass with a seat assignment.

9. After receiving his boarding pass, the plaintiff proceeded to the gate after passing through the initial security checkpoint, where he was required to present photographic identification and a boarding pass, his bag was x-rayed and he went through a metal detector.

10. On arrival at the gate, the plaintiff was again required to present his boarding pass and photographic identification. He presented both a Massachusetts driver's license and a United States passport.

11. Upon information and belief, passengers whose boarding pass had been randomly marked with the notation *S* were selected for a more extensive search of their persons and belongings. These searches consisted of a scan with a hand-held metal detector and inspection of the contents of the passengers' carry-on baggage. None of these passengers were questioned about their travel plans. The plaintiff's boarding pass was marked *CLR*.

12. After most of the passengers selected for this special screening had been searched, an announcement was made over the public address system requesting that Hamdy Abou-Hussein, Seat 12A, come to the counter. When he approached the counter, he was told that he had been selected for special screening and that he should wait in line behind the other passengers who were being searched.

13. The plaintiff was scanned with a hand-held metal detector, and his baggage was searched. In response to a request for identification, he again produced his United States passport and Massachusetts driver's license, which were taken from him by a State Police trooper.

14. The plaintiff was then interrogated by several State Police troopers, including defendant Agcaoili. He was asked where he was going, what he did for a living, where he worked and where he had attended school. Although he had provided them with two forms of identification, he was repeatedly asked if he had some other identification. This interrogation lasted for approximately ten to fifteen minutes.

15. Following this interrogation, the plaintiff was ordered by defendant Agcaoili to stand in a corner away from other passengers and not to go near the gangway.

An unknown police officer accompanied him to prevent him from leaving or boarding the aircraft.

16.     During the time that he was being searched and the time that he was detained by the police, defendant Agcaoili was speaking very loudly on the telephone and on a portable radio, and repeated numerous times, "He's from Egypt!"

17.     After all other passengers had boarded Flight 4595, Officer Agcaoili approached the plaintiff and advised him that defendant Hoste had determined that the plaintiff would not be permitted to board the aircraft.

18.     When plaintiff inquired about the identity of the officers who had prevented him from boarding the aircraft, he was informed by defendant Agcaoili that it was his responsibility and that the plaintiff should not speak to any of the other officers.

19.     By this time, Flight 4595 had departed, and the plaintiff was told that no seats were available on any other flights to Reagan National that day.  He was told by American Eagle employees that he might be able to get to Washington if he returned on the following day.  His identification was then returned and he was escorted from the secure area at Gate 25.

20.     The pilot, flight crew, and gate agents for American Eagle Flight #4595 were at all relevant times agents and/or employees of defendants American Airlines and American Eagle Airlines.

21.     The defendants' actions were intentional, malicious, willful, wanton, callous, and showed reckless disregard for the plaintiff's civil rights, and directly and proximately caused plaintiff financial injury and humiliation, mental pain, and suffering.

## Count I: G.L. c. 151B and G.L. c. 272, §§92A and 98.

22. The plaintiff repeats and realleges paragraphs 1-21 as if set forth fully herein.

23. American Eagle Flight #4595, from which plaintiff was barred, is a "place of public accommodation" within the terms of G.L. c. 151B, and G.L. c. 272, §§92A and 98.

24. The terminal where defendants' actions took place is a "place of public accommodation" within the terms of G.L. c. 151B and G.L. c. 272 sections 92A and 98.

25. On May 20, 2002, the plaintiff filed a complaint of discrimination with the Massachusetts Commission Against Discrimination charging each of the defendants with discrimination in a place of public accommodation on the basis of national origin and race or color.

26. The defendants' actions were based on the plaintiff's perceived race, color, ancestry, and/or national origin in violation of G.L. c. 272, §§92A and 98.

## Count II: 42 U.S.C. § 1981

27. The plaintiff repeats and realleges paragraphs 1-25 as if set forth fully herein.

28. The defendants engaged in intentional discrimination based on plaintiff's perceived race, color, ethnicity, and/or alienage and caused the plaintiff to suffer deprivation of his right to make and enforce contracts as enjoyed by white citizens under 42 U.S.C. § 1981.

**Count III:  Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d)**

29.     The plaintiff repeats and realleges paragraphs 1-28, as if set forth fully herein.

30.     The defendants American Airlines and American Eagle Airlines are recipients of federal financial assistance, and are thus covered by Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d).  Title VI and its implementing regulations prohibit recipients of federal monies from discriminating on the basis of, <u>inter alia</u>, race, color, or national origin.

31.     The defendants' American Airlines and American Eagle Airlines refusal to allow the plaintiff to fly on American Eagle Flight 4595 was based upon the plaintiff's perceived race, color, and/or national origin and constituted discrimination against plaintiff in violation of Title VI and its implementing regulations.

32.     The defendants' actions were intentional, malicious, willful, wanton, callous, and showed reckless disregard for the plaintiff's civil rights, and have directly and proximately caused the plaintiff financial injury and humiliation, mental pain, and suffering.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff requests that this Court:

(a)     Declare that the actions of defendants described above constituted discrimination on the basis of race, color, ethnicity, alienage, ancestry, and/or national origin in violation of 42 U.S.C. § 1981, 42 U.S.C. § 2000d, and G.L. c. 272, §§ 92A and 98;

  (b)  Enter a permanent injunction directing defendants American Eagle Airlines and American Airlines and their directors, officers, agents, and employees to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

  (c)  Award plaintiff compensatory damages in an amount to be determined at trial for the plaintiff's loss and injury including, but not limited to, economic losses, humiliation, embarrassment, emotional distress, and a deprivation of his right to enter and enforce a contract and to travel as a passenger in air transportation regardless of his race, color, ethnicity, alienage, ancestry, or national origin;

  (d)  Award the plaintiff punitive damages in an amount to be determined at trial that would punish the defendants for their willful, wanton, and reckless conduct and to effectively deter the defendants from engaging in similar conduct in the future;

  (e)  Order defendants to cease and desist from all future discrimination or retaliation against the plaintiff;

  (f)  Award the plaintiff prejudgment interest;

  (g)  Award reasonable attorneys' fees and the costs incurred in this action; and

  (h)  Award such other relief as the Court deems appropriate and just.

8

**Jury Trial Demand**

    Plaintiff Demands A Trial By Jury For All Issues So Triable.

                                        Plaintiff,
                                        HAMDY ABOU-HUSSEIN,
                                        By his attorneys,

                                        */s/ Suleyken D. Walker*

                                        _____
                                        Jean A. Musiker, BBO # 365410
                                        Suleyken D. Walker, BBO # 654933
                                        SUGARMAN, ROGERS, BARSHAK
                                              & COHEN, P.C.
                                        101 Merrimac Street
                                        Boston, MA 02114-4737
                                        (617) 227-3030


                                        John Reinstein, BBO # 416120
                                        American Civil Liberties Union of
                                        Massachusetts
                                        99 Chauncy Street, Suite 310
                                        Boston, MA 02111
                                        (617) 482-3170


DATED:  March 3, 2005

9

# CERTIFICATE OF SERVICE

I, Suleyken D. Walker, hereby certify that on the above date I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

Michael A. Fitzhugh, Esquire
Fitzhugh, Parker & Alvaro LLP
155 Federal Street
Suite 1700
Boston, MA 02110-1727

Joseph P. Kittredge, Esquire
Timothy M. Burke Law Offices
160 Gould Street
Needham, MA 02494

John Reinstein, Esquire
American Civil Liberties Union of Massachusetts
99 Chauncy Street, Suite 310
Boston, MA 02111

/s/ *Suleyken D. Walker*
_____
Suleyken D. Walker

SDW/gv

#358694