UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAMDY ABOU-HUSSEIN,<br>    Plaintiff<br><br>V.<br><br>AMERICAN AIRLINES,<br>AMERICAN EAGLE AIRLINES,<br>EDDY HOSTE, and<br>TROOPER AGCIOLI,<br>    Defendants | )<br>)<br>) Civil Action No. 04-12723-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DEFENDANT TROOPER DUVAL AGCAOILI'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

### FIRST DEFENSE

The Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

1. Paragraph 1 is not an averment to which a responsive pleading is required. To the extent that one is required it is denied.

2. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint and therefore denies same.

3. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint and therefore denies same.

4. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint and therefore denies same.

5. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint and therefore denies same.

6. Plaintiff admits the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint and therefore denies same.

8. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint and therefore denies same.

9. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint and therefore denies same.

10. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint and therefore denies same.

11. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint and therefore denies same.

12. Defendant admits Plaintiff was informed that he was selected for additional screening but is without sufficient information on which to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13. Defendant admits that Plaintiff and his baggage were searched and that Plaintiff produced a form of identification but is without sufficient information on which to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant admits he questioned the Plaintiff for approximately ten to fifteen minutes but denies the remaining allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendant admits he had Plaintiff stand away from the plane entrance but denies the remaining allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16. Defendant admits that he stated on the phone that Plaintiff was from Egypt but denies the remaining allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17. Defendant admits that he informed the Plaintiff that the pilot would not permit him to board the airplane.

18. Defendant admits he identified himself as the person to address any questions to but denies the remaining allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint and therefore denies same.

20. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint and therefore denies same.

21. The Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22. In response to Paragraph 22 of Plaintiff's Amended Complaint, Defendant re-alleges and incorporates by reference his answers to Paragraphs 1 through 21 as though fully set forth herein.

23. In response to Paragraph 23, Defendant states that it contains averments of law which do not require a responsive pleading but to the extent they do, they are denied.

24. In response to Paragraph 24, Defendant states that it contains averments of law which do not require a responsive pleading but to the extent they do, they are denied.

25. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint and therefore denies same.

26. The Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. In response to Paragraph 27 of Plaintiff's Amended Complaint, Defendant re-alleges and incorporates by reference his answers to Paragraphs 1 through 25 as though fully set forth herein.

28. The Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29. In response to Paragraph 29 of Plaintiff's Amended Complaint, Defendant re-alleges and incorporates by reference his answers to Paragraphs 1 through 28 as though fully set forth herein.

30. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint and therefore denies same.

31. Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint and therefore denies same.

32. The Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

By way of affirmative defense the Defendant says that the Plaintiff was rightfully detained and that the detention was for a reasonable period of time.

### Second Affirmative Defense

By way of affirmative defense the Defendant says that he was justified in his conduct and acts and is therefore not liable to the Plaintiff as alleged in the Amended Complaint.

### Third Affirmative Defense

By way of affirmative defense the Defendant says that he was justified in his conduct and acts and that therefore the Plaintiff cannot recover.

### Fourth Affirmative Defense

By way of affirmative defense the Defendant says that his actions and conduct were performed according to and protected by law and/or legal process, and that therefore the Plaintiff cannot recover.

### Fifth Affirmative Defense

By way of affirmative defense the Defendant says that he was privileged in his conduct and acts and that therefore the Plaintiff cannot recover.

### Sixth Affirmative Defense

By way of affirmative defense the Defendant says that if the Plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the Defendant was not and is not legally responsible.

### Seventh Affirmative Defense

Defendant is entitled to immunity based upon good faith in that the harm suffered by Plaintiff was not a result which a reasonable person in Defendant's position would have known to result from his actions.

### Eighth Affirmative Defense

Defendant says that at all times relevant hereto he has acted without malice toward the Plaintiff and that his actions relative to the Plaintiff were privileged by virtue of his acting reasonably and in good faith within the scope of his authority as a Massachusetts State Police Officer.

### Ninth Affirmative Defense

The Defendant has qualified immunity from this suit as the alleged acts complained of occurred within the scope of Defendant's official duties and Defendant had no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of Plaintiff's rights at the time they were committed.

### Tenth Affirmative Defense

The Plaintiff's Amended Complaint against Defendant is frivolous, without basis in fact and not advanced in good faith. The Defendant is therefore entitled to attorney's fees, costs and any other sanctions the Court deems appropriate under the terms and provisions of 42 U.S.C. §1988.

### Eleventh Affirmative Defense

Acts complained of occurred within the scope of Defendant's official duties and Defendant had no knowledge that said acts were illegal and/or unconstitutional nor were said acts clearly violative of Plaintiff rights at the time they were committed. Anderson vs. Creighton.

### Twelfth Affirmative Defense

Defendant says that his conduct or actions were not the proximate cause of Plaintiff's injuries.

### Thirteenth Affirmative Defense

Defendant says that the Amended Complaint fails to state a claim under 42 U.S.C. §1983 against him as the conduct alleged in the Amended Complaint does not involve any particular right arising under the United States Constitution and further that no violation of any federal or constitutional right has been plead with the requisite particularity, and counts purporting to allege such violation must, therefore, be dismissed.

DEMAND FOR JURY TRIAL

The Defendant demands a jury trial on all triable issues.

WHEREFORE the Defendant requests that this Court deny each and every prayer for relief requested by Plaintiff, dismiss this action and award Defendant such other and further relief, including attorney's fees and costs, as this Court may deem appropriate.

Respectfully submitted,
For Defendant Trooper Duval Agcaoili
By his attorney,

/s/Joseph P. Kittredge
Joseph P. Kittredge, Esquire
BBO# 548841
Law Offices of Timothy M. Burke
160 Gould Street, Suite 111
Needham, MA 02494
(781) 455-0707

Certificate of Service

I hereby certify that I have served a true copy of the foregoing document upon each other attorney of record by mailing first class postage prepaid.

Dated:                    /s/Joseph P. Kittredge