UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
HAMDY ABOU-HUSSEIN,                 )
      Plaintiff,                    )
                                    )
v.                                  )
                                    )
AMERICAN AIRLINES,                  )   DOCKET NO. 04-12723-WGY
AMERICAN EAGLE AIRLINES,            )
EDDY HOSTE, and,                    )
TROOPER DUVAL AGCAOILI              )
      Defendants.                   )
_____)

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

American Airlines, Inc. ("American Airlines"), American Eagle Airlines, Inc. ("American Eagle") and Captain Eddy Hoste ("Captain Hoste") (answering jointly as "the Defendants" unless otherwise specified as a response by an individual defendant), hereby answer Plaintiff Hamdy Abou-Hussein's ("Plaintiff") Amended Complaint as follows:

1.  No response from the Defendants is required as to Paragraph 1 of Plaintiff's Complaint ("the Amended Complaint"), as it is merely a summary recitation of Plaintiff's claims.

2.  Defendants are without sufficient knowledge or information to either admit or deny the allegations of paragraph 2 of the Amended Complaint.

3.  Defendants admit to the allegations in paragraph 3 and further state that American Airlines, Inc. is incorporated in the state of Delaware and its principal place of business is located in the state of Texas.

1

4. Defendants admit to the allegations in paragraph 4 of the Amended Complaint and further state American Eagle Airlines, Inc is incorporated in the state of Delaware and its principal place of business is located in the state of Texas.

5. Defendants admit to the allegation in paragraph 5 of the Amended Complaint that Captain Hoste is employed by American Eagle, but deny the allegation that he was an employee of American Airlines.

6. No response to paragraph 6 is required from Defendants as the allegations refer to Trooper Agcaoili of the Massachusetts State Police. Defendants exercise no authority or control over the actions of Trooper Agcaoili.

7. American Airlines and American Eagle admit to the allegations of paragraph 7 that Plaintiff purchased an electronic ticket on October 26, 2001 to fly on American Eagle Flight # 4595 scheduled to depart on 11:00 A.M. on November 22, 2001, Thanksgiving Day, from Boston's Logan International Airport to Reagan National Airport in Washington, D.C. Defendants are without sufficient information or knowledge to either admit or deny the remainder of the allegations of paragraph 7.

8. Defendants admit to the allegations of paragraph 8 that Plaintiff arrived at American Eagle's terminal at Boston Logan's International Airport and that he checked in and received a boarding pass from the American Eagle ticket counter. Defendants are without sufficient information to either admit or deny the remainder of the allegations of paragraph 8.

9. Defendants admit to the allegations of paragraph 9 that upon receipt of a boarding pass and before entering the gates to board a particular flight, all passengers must pass through a security clearance point, present valid photographic identification, submit to a search of all carry-on baggage.

10. Defendants admit to the allegations of paragraph 10 that upon arrival at the gates, all passengers must present a boarding pass and valid photographic identification. American Airlines and American Eagle admit that Plaintiff presented a Massachusetts Driver's License and U.S. Passport while waiting in the gate area to board the flight.

11. Defendants are unable to respond to the allegations of paragraph 11 to the extent the allegations are based upon the Plaintiff's beliefs rather than specific factual allegations. Defendants are without sufficient information to respond to the clause of paragraph 11, alleging that none of these passengers were questioned about their travel plans, because Plaintiff fails to adequately identify the passengers to whom he is referring. American Airlines and American Eagle admit that Plaintiff's boarding pass was marked *CLR*.

12. American Airlines and American Eagle admit to the allegations of paragraph 12 that Plaintiff was advised that he had been selected for pre-screening, and was asked to wait in line to complete such screening. Defendants are without sufficient information to either admit or deny the remainder of the allegations of paragraph 12.

13. American Airlines and American Eagle admit to the allegations of paragraph 13.

14. Defendants admit to the allegations of paragraph 14 that Plaintiff was questioned by law enforcement officials, including State Trooper Agcaoili. Defendants are without sufficient information or knowledge to either admit or deny the remainder of the allegations of paragraph 14 as the Defendants exercised no control over the law enforcement officials, including State Trooper Agcaoili, who questioned the Plaintiff.

15. Defendants admit to the allegations of paragraph 15 that Plaintiff was questioned by State Trooper Agcaoili. Defendants are without sufficient information or knowledge to either admit or deny the remainder of the allegations of paragraph 15 as the Defendants exercised no control over

the law enforcement officials, including State Trooper Agcaoili or any other unknown law enforcement official(s) who may have been present.

16.     Defendants admit to the allegations of paragraph 16 that Plaintiff was questioned by State Trooper Agcaoili. Defendants are without sufficient information or knowledge to either admit or deny the remainder of the allegations of paragraph 16 as the Defendants exercised no control over the law enforcement officials, including State Trooper Agcaoili.

17.     Defendants admit to the allegations of paragraph 17 that based upon the information Captain Hoste received from law enforcement officials, he determined that Plaintiff would not be allowed to board the aircraft. Captain Hoste further states that he did not personally observe the Plaintiff and the decision to deny Plaintiff's boarding of the flight was based solely upon the information provided to Captain Hoste by law enforcement officials. Defendants are without sufficient information or knowledge to either admit or deny the remainder of the allegations of paragraph 17 as the Defendants exercised no control over State Trooper Agcaoili.

18.     Defendants admit to the allegations of paragraph 18 that Plaintiff was questioned by State Trooper Agcaoili. Defendants are without sufficient information or knowledge to either admit or deny the remainder of the allegations of paragraph 18 as the Defendants exercised no control over State Trooper Agcaoili.

19.     Defendants admit to the allegations of paragraph 19 that Plaintiff was not permitted to board the flight. American Eagle denies the allegations of paragraph 19 insofar as they allege that employees of American Eagle advised him to return the next day to fly to Washington, D.C. American Eagle further states, later that day, Plaintiff was placed on a flight to Baltimore Washington International Airport. Defendants are without sufficient information or knowledge to either admit or deny the remainder of the allegations of paragraph 19 as the Defendants exercised no

control over State Trooper Agcaoili, who may have spoken to the Plaintiff after the departure of the flight in question.

20. Defendants admit to the allegations of paragraph 20 that the pilot, flight crew, and gate agents for American Eagle were employees of American Eagle, but Defendants deny that such persons were employed by American Airlines.

21. Defendants deny the allegations of paragraph 21.

### Count I: G.L. c. 151B

22. Defendants restate and reallege their responses to paragraphs 1-21 as if fully incorporated herein.

23. Defendants are not required to respond to the statements of paragraph 23, which call for a legal conclusion rather than a response to a factual allegation.

24. Defendants are not required to respond to the statements of paragraph 24, which call for a legal conclusion rather than a response to a factual allegation.

25. Defendants admit to the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

### Count II: 42 U.S.C. § 1981

27. Defendants restate and reallege paragraphs 1-26 as if fully incorporated herein.

28. Defendants deny the allegations of paragraph 28.

### Count III: Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d)

29. Defendants restate and reallege paragraphs 1-27 as if fully incorporated herein..

30. Defendants are not required to respond to the allegations of paragraph 30 asserting that Defendants are subject to the provisions of 42 U.S.C. § 2000d, because such allegations call for a legal conclusion. Defendants further assert they are not required to respond to allegations of

5

paragraph 30 reciting the purpose of Title VI and its implementing regulations because the statute and the corresponding regulations speak for themselves. Defendants deny the remainder of the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

## AFFIRMATIVE DEFENSES

### First Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Defendant American Airlines, Inc. is improperly named as a defendant in this action, because it is a separate entity from American Eagle. American Airlines did not operate or control the flight which is the subject of said complaint, nor were any employees or policies of American Airlines involved in any of the incidents pleaded in the Amended Complaint.

### Third Defense

The actions of American Eagle and Captain Hoste were not the result in whole or in part of any unlawful discrimination prohibited by M.G.L. c. 272, §§ 92A and 98; 42 U.S.C. § 1981 and 42 U.S.C. § 2000d.

### Fourth Defense

The actions of American Eagle and Captain Hoste were taken lawfully subject to the provisions of the Airline Deregulation Act ("ADA"), 49 U.S.C. § 44902(b).

**Fifth Defense**

Captain Hoste reasonably relied upon information given to him by law enforcement officials, which information caused him to have a reasonable belief that the Plaintiff was or may have been a person a person inimical to safety, and exercised his discretion to refuse boarding to the Plaintiff as authorized by the Airline Deregulation Act, 49 U.S.C. § 44902(b).

**Sixth Defense**

Plaintiff's state law claims are preempted by the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713(b)(1).

**Seventh Defense**

The actions of Captain Hoste are permitted as he reasonably relied upon information given to him by law enforcement officials, which information caused him to have a reasonable belief that the Plaintiff was or may have posed a risk to the security of the flight.

**Eighth Defense**

The actions of Captain Hoste were not arbitrary and capricious.

**Ninth Defense**

The Plaintiff's injuries were proximately caused by intervening or superseding acts of a third person or persons for whom the Defendants had no responsibility or control, and therefore the Plaintiff may not recover against these Defendants.

**Tenth Defense**

The Amended Complaint fails to state a claim for punitive damages upon which relief can be granted, because even if all the facts alleged are taken as true, they do not allege nor establish the requisite elements of such a claim.

**Eleventh Defense**

Plaintiff cannot establish that the Defendants acted with deliberate discriminatory intent.

**Twelfth Defense**

Pursuant to 42 U.S.C. § 2000d, Plaintiff has failed to establish that he is the intended beneficiary of the federally funded program that American Eagle and/or American Airlines are alleged to have received.

**Thirteenth Defense**

Pursuant to 42 U.S.C. § 2000d, Plaintiff has failed to establish the Defendant's actions were intentional, wanton, malicious, callous or showed reckless disregard to Plaintiff's civil rights.

**Fourteenth Defense**

Plaintiff's claims are barred because he failed to properly exhaust his administrative remedies before the Massachusetts Commission Against Discrimination.

**Fifteenth Defense**

Plaintiff's claims are barred because his claims were dismissed by the Massachusetts Commission Against Discrimination due to his failure to cooperate with an investigation of his claims.

**Sixteenth Defense**

Plaintiff's claims are barred because he did not remove his case from the Massachusetts Commission Against Discrimination in accordance with procedures outlined in M.G.L. c. 151B § 9, and the regulations of the Massachusetts Commission Against Discrimination, 804 CMR § 1, *et seq.*

**Seventeenth Defense**

The Plaintiff is not entitled to the declaratory relief sought.

### Eighteenth Defense

The Plaintiff cannot demonstrate a likelihood of success on the merits, therefore, he is not entitled to any temporary or preliminary injunctive relief he seeks against Defendants.

### Nineteenth Defense

The Plaintiff cannot obtain the permanent injunctive relief he seeks here based upon the facts alleged, or those that he might ultimately prove at the trial of this action.

**THE DEFENDANTS RESERVE THE RIGHT TO ADD ADDITIONAL AFFIRMATIVE DEFENSES.**

**AMERICAN AIRLINES, AMERICAN EAGLE AND CAPTAIN HOSTE DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**WHEREFORE**, the Defendants, American Airlines, Inc., American Eagle Airlines, Inc. and Captain Eddy Hoste, request the following relief:

1. That this Court enter judgment in their favor on all claims set forth in Count I of the Plaintiff's complaint;

2. That this Court enter judgment in their favor on all claims set forth in Count II of the Plaintiff's complaint;

3. That this Court enter judgment in their favor on all claims set forth in Count III of the Plaintiff's complaint;

4. That this Court deny the Plaintiff's request for injunctive relief;

5. That this Court deny Plaintiff's request for declaratory relief; and

6. That this Court grant them such other and further relief as may be appropriate.

Respectfully submitted,

**AMERICAN AIRLINES, INC.**
**AMERICAN EAGLE AIRLINES, INC.**
and **EDDY HOSTE**
By Their Attorney,

/s/ Michael A. Fitzhugh
Michael A. Fitzhugh
BBO # 169700
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330

**CERTIFICATE OF SERVICE**

     I hereby certify that I caused a copy of the forgoing to be served upon opposing counsel of record set forth below, by first class mail postage prepaid, this 2nd day of May 2005.

Jean A. Musiker
Suleyken D. Walker
SUGARMAN, ROGERS,
BARSHAK & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114

John Reinstein, Esq.
American Civil Liberties Union
Of Massachusetts
99 Chauncy Street, Suite 310
Boston, MA 02111

Joseph P. Kittredge, Esq.
Timothy M. Burke Law Offices
160 Gould Street
Needham, MA 02494

                                                 **/s/ Anne-Marie H. Gerber**
                                                 Anne-Marie H. Gerber